UNITED STATES *v.* SAKS & Co., INC. (No. 3529) [1]

United States Court of Customs and Patent Appeals, October 30, 1933

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.
*Puckhafer & Rode* (*George J. Puckhafer* of counsel) for appellee.

[Oral argument October 13, 1933, by Mr. Lawrence and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Certain merchandise was imported at the port of New York, which is described by a stipulation of facts to be as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiff and Assistant Attorney General for the United States that the merchandise in question consists of twelve women's leather hand bags, not jewelry, each having a watch

---

[1] T.D. 46714.

set in one corner of the bag, on the outside, sold and used as an entirety; that the value of the bags and watches is 5,940 francs; the value of the watches is 1,680 francs and the value of the leather bags is 4,260 francs; that the leather bags constitute the chief value and are the predominant feature, and it is further
Agreed that the protest be deemed submitted on this stipulation.

The collector assessed duty thereon, as shown by the appraiser's answer to the protest:

The merchandise in question consists of women's leather hand bags, having watches set in one corner of the bags. The watch movements have 10 jewels in the escapements. It was returned for duty, the bags at 30%, par. 1432, the watch cases at 45% and the movements at $1.25 each under par. 367, act of 1922.

The importer, in its protest, claimed the goods to be dutiable as entireties as leather bags under paragraph 1432 of said act. The material portions of said paragraphs are as follows:

PAR. 1432. Bags, * * * not jewelry, wholly or in chief value of leather or parchment, * * * 30 per centum ad valorem; * * *.

PAR. 367. Watch movements, whether imported in cases or otherwise, assembled or knocked down, * · * * having seven and not more than eleven jewels, $1.25 each; * * * watchcases and parts of watches, * * * 45 per centum ad valorem; * * *.

The trial court sustained the protest, being of the opinion that the imported goods should be held dutiable as entireties, the judgment of the court being rendered on December 21, 1931.

On January 3, 1933, after the appeal was perfected in the case at bar, this court had before it the dutiability of similar goods to those here involved, under the Tariff Act of 1930, and came to the conclusion that the goods must be severed for duty purposes. *United States* v. *Wanamaker*, 20 C.C.P.A. (Customs) 367, T.D. 46132.

In the *Wanamaker* case, leather bags were the element of chief value. Attached to each bag was a strap. In the center of each strap and connecting the ends of the straps was a small watch. We there reviewed the cases and the legislative history and came to this conclusion:

Here we have three distinct entities, to wit, a bag or pocketbook, in chief value of leather; watch movements; and watchcase, for each of which *eo nomine* provision is made in separate paragraphs of the Tariff Act of 1930.

The fact that they were assembled into a unit and so imported has not caused any part to lose its identity or its normal use.

No different construction is called for here. The provisions of the Tariff Act of 1930, under consideration in the *Wanamaker* case, namely, paragraphs 1531 and 367 of said act, differ in no material respects, so far as the dutiability of the goods here is involved, from paragraphs 1432 and 367 of the Tariff Act of 1922.

Counsel for appellant call attention to this fact:

* * * In the present case the stipulated facts (R. 5) establish that the watch was set in one corner of the bag on the outside. Manifestly, if the watch

were removed from the bag an open hole would remain in the bag and the bag would not be a salable article of commerce.

Even if we were to hold, which we do not, that such method of construction would render the goods dutiable as an entirety, we think the stipulation hardly goes so far as counsel claim. The watches are "set in one corner of the bag, *on the outside*." (Italics ours.) This is far from a stipulation that the watches extend entirely through the side of the bag. No samples are before the court to supplement this stipulation.

The trial court relied upon *Freedman & Slater* v. *United States,* 17 C.C.P.A. (Customs) 104, T.D. 43431. As was said in *United States* v. *Wanamaker, supra,* the question of entireties was not raised in the *Freedman & Slater* case, and hence that case cannot be considered as authority here.

The case is controlled by. *United States* v. *Wanamaker, supra,* and the judgment of the United States Customs Court is *reversed.*